UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH ANTHONY RIVERA,

      Plaintiff,

v.                                    Case No:  2:26-cv-1387-JES-DNF

DEPUTY STEVEN ROGERS, in his
individual capacity, SHERIFF
CARMINE MARCENO, in his
official and individual
capacities, and LCSO-
Deputies JOHN DOES 1-10, in
their individual capacities,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the Emergency Motion for Temporary Restraining Order (Doc. #2) filed on April 27, 2026 by Plaintiff Joseph Anthony Rivera ("Plaintiff"). Plaintiff filed a Complaint the same day raising ten claims related to a January 28, 2026 traffic stop.  (Doc. #1.)

Plaintiff now requests that the Court enter an order (1) directing Defendants to preserve all body-worn camera footage, video recordings, dispatch data, internal communications, and related ESI related to Plaintiff's January 28, 2026 arrest, (2)

directing Defendants to technically disable any automated retention-expiration function as applied to the above, (3) directing Defendants to provide written verification of the above, and (4) restricting Defendants' access to their evidentiary systems during the pendency of this action. (Id. at pp. 14-15.)

According to Plaintiff, following Plaintiff's delivery of a formal litigation hold request, the Lee County Sheriff's Office provided stamped receipt confirming issuance of a legal litigation hold on February 25, 2026. (Id. at p. 4.) That Plaintiff has not yet received the footage and other materials he seeks is immaterial to the Court until he makes formal discovery requests. Given the existence of the litigation hold, Plaintiff's Motion will be denied as moot as to requests (1) and (2).[1] The Court finds no basis to grant requests (3) and (4).

Accordingly, it is now

**ORDERED:**

---

[1] Plaintiff points the Court to case law indicating that a litigation hold without further affirmative action is insufficient to properly preserve evidence and supports a finding of bad faith. See Skanska USA Civil Se. Inc. v. Bagelheads, Inc., 75 F.4th 1290, 1299 (11th Cir. 2023). Nevertheless, the facts alleged in the instant Motion are insufficient to suggest that Defendants have taken inadequate action to preserve the evidence or will do so in the future.

Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. #2) is **DENIED without prejudice.**

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of April 2026.

 

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

3